

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANCISCO DIAZ-AGUILAR,<br><br>Defendant. | Cr. No. 11-2726GT<br><br>ORDER |

On March 15, 2012, Defendant, Francisco Diaz-Aguilar ("Mr. Diaz"), filed a Motion to Dismiss Supervised Release Revocation Proceedings ("Motion"). Mr. Diaz argues that since the guidelines were amended in November of 2011 regarding the imposition of supervised release for deportable aliens, that his revocation proceedings should be dismissed. For the reasons stated below, Mr. Diaz' Motion is **DENIED.**

First, Mr. Diaz was originally sentenced to the one year supervised release in question on July 21, 2011, several months before the guidelines were amended. Mr. Diaz does not argue that the amendments are retroactive. More importantly, Mr. Diaz violated his supervised release by returning to this country less than three months after being released from prison. This is a breach of the Court's trust and order regardless of the current amendments.

Second, even under the new amendments, supervised release is warranted. Application Note 5 to § 5D1.1 states that the court should consider imposing supervised release if "it would provide an added measure of deterrence and protection based on the facts and circumstances" of the case. Mr. Diaz has been prosecuted three times for illegal reentry, has been voluntarily returned at least ten times and physically removed at least three times. It is clear that Mr. Diaz does not respect the immigration laws of this country and an added measure of deterrence is necessary. Hence, even under the new guidelines, imposing a term of supervised release is appropriate. Accordingly,

**IT IS ORDERED** that Mr. Diaz' Motion to Dismiss Supervised Release Revocation Proceedings is **DENIED.**

**IT IS SO ORDERED.**

4-3-12
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel